**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

CARL WORTMANN                                                    PLAINTIFF

V.                          No. 4:25-CV-00982-JM-ERE

SOCIAL SECURITY ADMINISTRATION,
Commissioner                                                    DEFENDANT

<u>**RECOMMENDED DISPOSITION**</u>

This Recommended Disposition ("RD") has been sent to United States District Judge James M. Moody, Jr. You may file objections if you disagree with the findings and conclusions set out in the RD. Objections should be specific, include the factual or legal basis for the objection, and be filed within fourteen days. If you do not object, you risk waiving the right to appeal questions of fact.

**I.    Background**

On April 11, 2023, Mr. Carl Wortmann filed an application for benefits due to shoulder problems, back problems, bilateral De Quervain syndrome, hip osteoarthritis, borderline personality disorder, post-traumatic stress disorder, anxiety, depression, knee problems, and tinnitus. *Tr. 108, 341*.

Mr. Wortmann's claim was denied initially and upon reconsideration. *Tr. 108-131*. At Mr. Wortmann's request, an Administrative Law Judge ("ALJ") held a hearing, and the ALJ heard testimony from Mr. Wortmann and a vocational expert ("VE"). *Tr. 61, 132-149.* The ALJ issued a decision on December 19, 2024, finding

1

that Mr. Wortmann was not disabled. *Id*. The Appeals Council remanded, instructing the ALJ to obtain additional evidence as warranted, and to further consider Mr. Wortmann's residual functional capacity ("RFC"). *Tr. 150-155*

After a second hearing, the ALJ issued a decision on August 26, 2025, finding that Mr. Wortmann was not disabled. *Tr. 13-26*. The Appeals Council declined to review, making the ALJ's decision the Commissioner's final decision. *Tr. 1-5*.

Mr. Wortmann, who was forty-four years old at the second hearing, has past relevant work experience as a military police officer. *Tr. 37, 54.*

## II.   The ALJ's Decision[1]

The ALJ found that Mr. Wortmann had not engaged in substantial gainful activity from his alleged onset date of October 1, 2019, through the date last insured of December 31, 2024. *Tr. 16*. The ALJ also concluded that Mr. Wortmann had the following severe impairments: lumbar and cervical degenerative changes; left upper extremity carpal tunnel syndrome; hand degenerative changes; obesity; anxiety disorder; attention deficit hyperactivity disorder; borderline personality disorder; post-traumatic stress disorder; and cannabis use disorder. *Id*. However, the ALJ

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)-(g).

concluded that Mr. Wortmann did not have an impairment or combination of impairments that met or equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Tr. 17-19.*

According to the ALJ, Mr. Wortmann had the RFC to perform sedentary work, with the following limitations: (1) no more than occasional climbing, balancing, stooping, kneeling, crouching, and crawling; (2) less than constant use of the upper extremities, but frequent use the upper extremities to reach, handle, finger, and feel; (3) can understand, remember, and carry out simple instructions; and (4) occasional interaction with supervisors, coworkers, and the public. *Tr. 20.*

Based on the testimony of the VE, the ALJ found that a substantial number of potential jobs were available in the national economy that Mr. Wortmann could perform, including document preparer and addresser. *Tr. 25, 55.* Accordingly, the ALJ determined that Mr. Walker was not disabled.

## III.   Discussion

### A.   Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and determine whether the decision is supported by substantial evidence on the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (citing *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). "Substantial evidence" in this context means "enough that a reasonable mind would find [the evidence]

adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009) (citation omitted). In making this determination, the Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). The Court will not reverse the Commissioner's decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (citation omitted).

**B.    Mr. Wortmann's Arguments for Reversal**

Mr. Wortmann contends that the Commissioner's decision is not supported by substantial evidence, because the ALJ: (1) failed to properly evaluate Mr. Wortmann's subjective complaints; (2) did not properly characterize Mr. Wortmann's sparse treatment; and (3) did not properly evaluate the medical opinion evidence. *Doc. 6.* After carefully reviewing the record as a whole, I recommend affirming the Commissioner.

**C.    Analysis**

**1.  Subjective Complaints**

When evaluating a claimant's subjective complaints of pain, the ALJ must consider objective medical evidence, the claimant's work history, and other evidence relating to (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the dosage,

effectiveness, and side effects of medication; and (5) the claimant's functional restrictions. See *Schwandt v. Berryhill*, 926 F.3d 1004, 1012 (8th Cir. 2019). "An ALJ need not explicitly discuss each factor," and he may "decline to credit a claimant's subjective complaints if the evidence as a whole is inconsistent with the claimant's testimony." *Id.* (internal citations omitted).

After considering the medical record and Mr. Wortmann's hearing testimony, the ALJ concluded that Mr. Wortmann's "statements concerning the intensity, persistence, and limiting effects of [his] symptoms are not entirely consistent with the medical evidence and other evidence in the record." *Tr. 21.* The ALJ provided good reasons for this conclusion. For example, the ALJ noted objective imaging showing mild-to-moderate lumbar degenerative changes, and referenced a history of lumbar discectomies, while discussing the nature and intensity of Mr. Wortmann's pain. *Tr. 21-22, 467, 649, 739, 1462.* While some straight-leg raises were positive, Mr. Wortmann had normal range of motion in his thoracic and lumbar spine. *Tr. 22, 532, 539, 554, 725.* Mr. Wortmann also regularly had a normal gait, despite occasionally using a cane. *Tr. 22, 450, 648, 725, 1468.*

The ALJ discussed Mr. Wortmann's positive response to treatment, noting pain relief following radiofrequency ablations and steroid injections and the fact that prescribed medications reduced pain. *Tr. 21-23, 570-571, 582, 593, 726, 1002, 1032.* Improvement in a condition supports an ALJ's finding that a claimant is not

disabled. See *Duvall v. Bisignano*, No. 4:25-cv-00120 KGB-PSH, 2025 WL 1812626, n.6 (E.D. Ark. July 1, 2025); *Locher v. Sullivan*, 968 F.2d 725, 728 (8th Cir. 1992).

The ALJ found multiple severe mental impairments but observed that mental status examinations generally showed good eye contact, fluent speech, goal-directed thought process, and good attention and concentration. *Tr. 22, 742, 773, 808, 812-813, 854, 889, 1238.* Also, Mr. Wortmann reported good benefits from sertraline and did not seek regular or continuing psychiatric care. *Tr. 22, 275, 963, 979.* When a claimant has not treated his mental impairment, the ALJ is justified in ruling it out as a disabling condition. *Smith v. Shalala*, 987 F.2d 1371, 1374-75 (8th Cir. 1993).

The ALJ discussed Mr. Wortmann's daily activities, which included taking care of chickens and a garden, walking his acreage, converting a shed into a house, laying sewer pipes, performing chores, and cooking. *Tr. 19, 23, 350-355, 741, 772, 807-812, 853, 1237.* Such daily activities undermine his claims of disability. *Andrews v. Colvin*, 791 F.3d 923, 929 (8th Cir. 2015); *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003).

Mr. Wortmann argues that the ALJ did not properly account for his allegation that he could sit for only 5-15 minutes, which would preclude sedentary work.[2] *Doc. 6 at 9, Tr. 49*. The record contains no objective evidence showing Mr. Wortmann could sit for no more than 15 minutes, and no doctor placed such a restriction on him. Subjective allegations alone do not serve as a basis for an award of benefits. See *Reter v. Railroad Retirement Board*, 465 F.3d 896, 899 (8th Cir. 2006). Mr. Wortmann's positive response to conservative treatment for his back supports the ALJ's conclusion that he would be capable of performing sedentary work. *Thomas v. Barnhart*, 130 Fed. Appx. 62, 63 (8th Cir. 2005).

The ALJ sufficiently discussed the relevant factors correlated to subjective complaints.

### 2. Sparse Treatment

Mr. Wortmann alleges that the ALJ was required to determine whether he had good cause for treatment gaps before discrediting that evidence, citing SSR 18-3p. *Doc. 6 at 18*. That SSR only applies to cases where the ALJ found that the claimant would be eligible for disability benefits but for the gaps in treatment. *See* 2018 WL 4945641, at *3. The ALJ made no such finding here. The ALJ simply pointed to Mr. Wortmann's gaps in treatment in the holistic review of the evidence.

---

[2] Sedentary work involves mostly sitting, with only occasional walking and standing, and lifting of no more than ten pounds at a time. 20 C.F.R. § 404.1567(a).

The ALJ discussed Mr. Wortmann's sparse and conservative treatment. *Pierce v. Kijakazi*, 22 F.4th 769, 773 (8th Cir. 2022) (upholding ALJ's finding that conservative treatment tended to show that plaintiff's impairments were not disabling). The ALJ noted that Mr. Wortmann had nerve ablations twice in 2024, which provided good relief. This contradicts Mr. Wortmann's claim that gaps in pain management treatment occurred because the clinic "fumbled" his referral. *Tr. 43-47, 52*. Mr. Wortmann also said he spent eight or nine months in bed, but as noted above, he was able to perform a variety of contradictory daily activities, such as walking around his acreage. *Tr. 1237*.

Mr. Wortmann contends that he did not seek mental health counseling because his psychiatrist did not recommend it. *Tr. 47*. To the contrary, his psychiatrist recommended therapy and counseling on several occasions. *Tr. 742, 808, 890, 1239, 1413, 1427*. Mr. Wortmann attended therapy only a handful of times, undermining his claims that mental impairments were disabling. *Tr. 785, 802-804, 813, 854*.

Mr. Wortmann has not shown that the ALJ erred in how he considered gaps in treatment.

### 3. Medical Opinion Evidence

Mr. Wortmann asserts that the ALJ erred in how he evaluated medical opinion evidence.

The ALJ must "evaluate the persuasiveness of medical opinions by considering (1) whether they are supported by objective medical evidence, (2) whether they are consistent with other medical sources, (3) the relationship that the source has with the claimant, (4) the source's specialization, and (5) any other relevant factors." *Bowers v. Kijakazi*, 40 F.4th 872, 875 (8th Cir. 2022) (citing 20 C.F.R. § 404.1520c(c)). However, "[t]he first two factors—supportability and consistency—are the most important." *Id*. (citing 20 C.F.R. § 404.1520c(a)). Pursuant to the regulations, "treating physicians are [no longer] entitled to special deference." *Austin v. Kijakazi*, 52 F.4th 723, 728 (8th Cir. 2022) (citing 20 C.F.R. § 404.1520c(a)).

Two state-agency medical experts found that Mr. Wortmann could perform light exertional work, with postural limitations, and use a cane at work. *Tr. 23, 113-116, 125-128*. The ALJ found these opinions not fully persuasive. *Tr. 23.* The ALJ referenced consistency and supportability and found that Mr. Wortmann was able to perform only sedentary work. The fact that the ALJ assigned a more restrictive RFC than that proposed by the medical experts undermines Mr. Wortmann's argument. While the ALJ did not go into great detail about persuasiveness, this does not constitute error, especially when the balance of the opinion supports his findings. See *Sloan v. Saul*, 933 F.3d 946, 951 (8th Cir. 2019).

Two state-agency psychology experts found that Mr. Wortmann would be limited to simple work with only incidental interpersonal contact. *Tr. 112-124*. The ALJ found these opinions generally persuasive, but somewhat vague. *Tr. 23*. The ALJ did not use the experts' language verbatim in the RFC, but an ALJ is not bound to rely on any particular medical opinion and can decline to incorporate any portions of an opinion that he deems inconsistent with the record as a whole. See *Prosch v. Apfel*, 201 F.3d 1010, 1013 (8th Cir. 2000); *Perkins v. Astrue*, 648 F.3d 892, 897 (8th Cir. 2011); *Hensley v. Colvin,* 829 F.3d 926, 932 (8th Cir. 2016). Also, the RFC accounted for mental limitations, despite the ALJ observing that Mr. Wortmann did not treat his symptoms to the extent one would expect if the conditions were disabling.

Mr. Wortmann has not shown that the ALJ erred in how he evaluated the medical opinion evidence.

**IV.    Conclusion**

The ALJ applied proper legal standards in evaluating Mr. Wortmann's claims, and substantial evidence supports the decision to deny benefits.

IT IS THEREFORE RECOMMENDED that the Court affirm the decision and enter judgment in favor of the Commissioner.

Dated 8 May 2026.

_____
UNITED STATES MAGISTRATE JUDGE

10